

**SO ORDERED.**
**SIGNED this 2nd day of July, 2018**

_____
Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:   Lin Du                                    # 17-33171-SHB
                                                    Chapter 13

ORDER CONFIRMING CHAPTER 13 PLAN

The chapter 13 plan having been transmitted to scheduled creditors, and it having been determined that plan as finalized complies with 11 U.S.C. § 1325 and should be confirmed, the court directs the following:

1. The plan, a copy of which is attached, is confirmed;
2. Property of the estate does not vest in the debtor(s) until completion of the plan;
3. The attorney for the debtor(s) is awarded the fee set forth in the plan; and
4. All pending objections to confirmation, if any, are resolved, withdrawn, or overruled.

### #

APPROVED FOR ENTRY:

/s/ Gwendolyn M. Kerney

GWENDOLYN M. KERNEY
Chapter 13 Trustee
P.O. Box 228
Knoxville, TN  37901
(865) 524-4995

3:17-bk-33171

## IN THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE
## CHAPTER 13 PLAN

**Check:**    ✓ Original    ___ Amended Pre-Confirmation    ___ Modified Post-Confirmation

**IN RE:**    LIN DU    **CASE NUMBER:**
Debtor(s)

1. **PLAN PAYMENT/TERM:** The debtor(s) shall make plan payments of **$530.00** on a ___ weekly; ___ bi-weekly; ___ semi-monthly; or ✓ **monthly basis over a term of 60 months by** ✓ **direct pay** or ___wage order. If payments are by wage order, debtor(s) shall be responsible for making plan payments directly to the Trustee until the employer commences wage order deductions. Debtor(s) shall commence plan payments not later than 30 days from the date of filing of the plan; provided, however, debtors shall make a full month of plan payments within 30 days from filing if the plan provides for the payment of filing fees, adequate protection payments, and/or secured creditor payments.

2. **TAX REFUNDS / RETURNS:** In addition to the plan payments in Paragraph 1, debtor(s)' tax refunds and/or earned income credits shall be paid into the plan as follows: ___ none; ___ all; or, ✓ **in excess of $1,500.00**. A tax intercept order shall be issued for the debtor(s)' tax refund to be remitted directly by the Internal Revenue Service to the Trustee with the Trustee refunding debtor(s)' portion of the tax refund; provided, however, debtor(s) shall remit the required tax refund monies directly to the Trustee, if not intercepted. If the debtor(s) is delinquent in plan payments at the time of tax intercept, then the entire tax refund/credit shall be paid into the plan with the debtor(s)' portion of the refund applied to the plan arrearage and the balance, if any, refunded to the debtor. In the event of a joint tax refund, the debtor must supply an affidavit from the non-filing spouse necessary for tax refund distribution herein. **Federal income tax returns are to be timely filed directly with the IRS timely, complete copies of signed tax returns along with ALL the W-2's and any 1099's to be provided to Trustee's office by no later than April 30th each year.**

3. **PROPERTY OF THE ESTATE/INSURANCE:** Debtor(s)' income and assets remain property of the estate and do not vest in the debtor until completion of the plan. Debtor(s) shall be responsible for any and all legal or contractual insurance requirements required to be maintained on estate properties. Debtor(s) retaining possession of personal property subject to a lease or securing a claim attributable to the purchase price of personal property shall within 60 days of bankruptcy filing provide the creditor with proof of full coverage insurance and maintain the same so long as the debtor(s) shall retain possession of said property.

4. **PRIORITY AND ADMINISTRATIVE EXPENSES:** Such expenses under 11 U.S.C. §503(b) and §1326 shall be paid in full with claims entitled to priority under 11 U.S.C. §507(a) paid in full in deferred cash payments.

    a)    Debtor(s)' **Chapter 13 attorney fees** shall be paid in the amount of **$275.00 per hour**, less **$3,000.00** previously paid by the debtor(s).

    b)    **Tax claims** to be paid as secured, priority, and/or unsecured non-priority in accordance with the filed claim.

    c)    **Domestic support obligation claims** shall be paid as priority; provided, however, any child support and/or alimony obligations which are current at the time of filing and are being paid directly or by wage order deductions shall continue with no payments by the Trustee and per 11 U.S.C. §362(b)(2)(A)(ii) no stay shall be in effect for the establishment or modification of an order for these domestic support obligations. 11 U.S.C. §507 (a)(1)(B) domestic support obligations assigned to a governmental unit may be paid less than 100% in the event this is a five year plan providing for all disposable income; and, these specific assigned domestic obligations are identified as, and shall be paid by the Trustee as follows: **DAN LI: 1. Child Support shall be paid by the Debtor directly Outside this plan; 2. Alimony, $7,500.00 Attorney Fees shall be paid by the Trustee inside the plan in full over 60 months with payments of $125.00 per month; 3. Alimony, $300.00 for 36 months, and there after $200.00 per month for 24 months shall be paid by the Trustee inside the plan.**

Case 3:17-bk-33171-SHB    Doc 66    Filed 07/02/18    Entered 07/02/18 14:11:55    Desc
Case 3:17-bk-33171-SHB    Main Document    Filed 10/18/17    Entered 10/18/17 08:30:50    Desc
Main Document    Page 2 of 3

3:17-bk-33171

5.  **POST PETITION** claims allowed under 11 U.S.C. §1305 shall be paid in full. The debtor(s), however, must stay current with post-petition tax obligations. In the event the debtor(s) have self-employment income, all required quarterly estimated tax payments shall be timely made. In the event the debtor(s) have income subject to withholding, the debtor(s) shall ensure that sufficient sums are withheld to cover tax liabilities. Debtor(s) shall timely file all required federal and/or state tax returns and remit any balance due with the return. Failure to comply with any of these provisions may result in the dismissal of the case upon motion by any governmental entity and/or Trustee.

6.  **SECURED CREDITOR CLAIMS** shall be filed and administered in accordance with applicable Federal Rules of Bankruptcy Procedure, including but not limited to Rules 3001 and 3002.1. Per Local Bankruptcy Rule 3001-1 (a) and (b), all creditors asserting a security interest in property of the debtor(s) and/or estate must, prior to the meeting of creditors, file proof that the asserted security interest has been perfected in accordance with applicable law, regardless of whether the plan proposes to pay the claim by the Trustee or directly by the debtor(s). Claims are subject to objection if they are not properly documented and/or perfected regardless of confirmed plan treatment. Claims filed as secured but not given a secured plan treatment hereinafter shall be paid as unsecured.

7.  **NON-PURCHASE MONEY SECURITY INTEREST** lien claims of the following creditors are avoided and paid as unsecured: **N/A**

8.  **SECURED CLAIMS PAID BY THIRD PARTY:** The Trustee shall make no payments on the following secured lien claims which shall be paid directly by the designated individual; provided, however, in the event of non-payment by the designated individual, an amended deficiency claim shall be allowed unless provided otherwise.

    | Creditor | Collateral | Designated Individual |
    |---|---|---|
    | Acura Financial Services | 2015 Acura RDX | Mark Du, brother |

9.  **SURRENDERED REAL OR PERSONAL PROPERTY:** The debtor(s) surrenders the following collateral for sale/foreclosure by the secured creditor, and, unless noted otherwise, the creditor shall file and be paid an amended unsecured deficiency claim which shall relate back to a _timely_ filed secured claim. In order for the amended deficiency claim to relate back to the original claim, the amended claim must be filed within one hundred twenty (120) days from the claims bar date unless the creditor during this time seeks and is granted additional time within which to file any amended deficiency claim.

    | Creditor | Collateral |
    |---|---|
    | N/A | |

10. **LONG-TERM SECURED PERSONAL PROPERTY LIEN(S):** A long-term personal property lien (mobile homes or vehicles extending beyond plan term) exists in favor of _____. The secured creditor shall be paid a monthly maintenance installment per the claim, but said installment is estimated to be $____ per month; and, the estimated prepetition arrearage is $____ which shall be paid in full per the claim in monthly installments of $____ at ____% interest. This claim shall be paid ____ by the Trustee; or, ____ directly by the debtor(s). The lien shall survive the plan.

11. **SECURED PERSONAL PROPERTY CLAIMS:** The holders of the following secured liens shall be paid the secured amount, interest rate and monthly payment over the plan term. Any portion of the allowed claim exceeding the specified amount shall be paid as unsecured; provided, however, the lien securing the claim shall be retained until the earlier of: (a) payment of the underlying debt determined under non-bankruptcy law; or (b) discharge under 11 U.S.C. §1328. If this case is dismissed or converted prior to completion, the lien is retained to the extent recognized by applicable non-bankruptcy law. Secured creditors eligible under 11 U.S.C. §1326(a)(1)(C) for pre-confirmation adequate protection payments shall be paid $50.00 a month until confirmation upon tendering the Trustee an adequate protection order.

    | Creditor | Collateral | Amount | Payment | Interest Rate |
    |---|---|---|---|---|
    | N/A | | | | |

Case 3:17-bk-33171-SHB    Doc 66    Filed 07/02/18    Entered 07/02/18 14:11:55    Desc
Case 3:17-bk-33171-SHB    Doc 8    Filed 10/18/17    Entered 10/18/17 08:30:50    Desc
Main Document    Page 3 of 3

3:17-bk-33171

12. **MORTGAGE CLAIMS:** Mortgage lien holders shall file claims per applicable Federal Rules of Bankruptcy Procedure (FRBP), including but without limitation, Rules 3001 and/or 3002.1. Claims shall be administered and paid by the Trustee in accordance with said rules, absent objection. Mortgage creditors receiving maintenance installments hereunder shall be paid the monthly mortgage installment payment per the claim; and the pre-petition mortgage arrearage claim amount shall be paid in equal monthly installments over the life of the plan unless a greater amount is specified. Creditors filing mortgage claims secured by debtor(s) principal residence shall file: Mortgage Proof of Claim Attachment 410A (Attachment A); Notice of Mortgage Payment Changes on Form 4105-1 (Supplement 1); and Notice of Post-Petition Mortgage Fees, Expenses, and Charges on Form 4105-2 (Supplement 2). The Trustee shall pay any Notice of Payment Change filed per FRBP 3002.1(b) as of its effective date, absent or until resolution of any objection to the same. The Trustee shall pay any Notice of Post-Petition Mortgage Fees, Expenses and Charges filed per FRBP 3002.1(c), absent or until resolution of an objection or motion filed per FRBP 3002.1(e) to determine the validity of the fees, expenses and charges.

    (A) **PRINCIPAL RESIDENCE SECURED MORTGAGE(S) PER (11 U.S.C. §1322(b)(5)):** N/A

    (B) **SECURED LONG-TERM MORTGAGE(S) OTHER THAN PRINCIPAL RESIDENCE:** N/A

    (C) **STRIPPED MORTGAGE(S)/JUDGMENT LIEN(S):** N/A

    (D) **MORTGAGE(S)/JUDGMENT LIEN(S) TO BE PAID IN FULL OVER PLAN TERM:** N/A

13. **NON-PRIORITY UNSECURED CREDITORS** shall be paid pro-rata by the Trustee on a funds available basis which may exceed, but will not be less than the following dividend range: ___ 0%; ✓ 1% - 5%; ___ 6% - 20%; ___ 21% - 70%; ___ 71% - 100%; or ___ 100%

14. **COSIGNED DEBT:** The following cosigned claims shall be paid by the Trustee in full at the claim contract rate of interest not to exceed 24% interest for the full protection of co-debtor(s):
    **Creditor**          **Approximate Balance**          **Monthly Payment**
    N/A

15. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Except for the following which are assumed, all executory contracts and unexpired leases are rejected with any claim arising from rejection to be paid as unsecured. **Assumed contracts, as follows, are to be paid outside of the plan, directly by the debtor(s): N/A**

16. **QUALIFIED RETIREMENT AND/OR PENSION** loans or claims shall be paid directly by debtor(s) pursuant to the terms of plan administration with no payments by the Trustee.

17. ***SPECIAL PROVISIONS:** N/A


10/16/2017           /s/ Lin Du
Date


**/s/ Richard M. Mayer, #5534, /s/ John P. Newton, # 010817, Law Offices of Mayer & Newton,
Debtors Attorney, 1111 Northshore Drive S-570, Knoxville, TN 37919, (865) 588-5111,
mayerandnewton@mayerandnewton.com**